UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI SALAAM EL,                                    Case  No. 09-12136

                   Plaintiff,                     David M. Lawson
vs.                                               United States District Judge

CITY OF DEARBORN, DEARBORN                        Michael Hluchaniuk
POLICE, 19th DISTRICT COURT,                      United States Magistrate Judge
ALFRED GRZEGOREK # 435, WILLIAM
C. HULTGREN, SCOTT NAGY,
WILLIAM M. DEBIASI, *et al.*,

                   Defendants.
_____/

## REPORT AND RECOMMENDATION
## <u>DEFENDANTS' MOTIONS TO DISMISS (Dkt. 3, 8)</u>

## I.      PROCEDURAL HISTORY

        Plaintiff filed this civil rights action on June 3, 2009.  (Dkt. 1).  This matter

was referred to the undersigned for all pretrial purposes by District Judge David M.

Lawson.  (Dkt. 2).  Two defendants filed a motion to dismiss on July 7, 2009.

(Dkt. 3).  Two other defendants filed an answer to the complaint on July 8, 2009,

along with a motion to dismiss.  (Dkt. 6, 8).  On August 3, 2009, plaintiff filed an

amended complaint, along with a response to the first motion to dismiss.  (Dkt. 11).

The Court ordered plaintiff's amended complaint stricken.  (Dkt. 22). Plaintiff filed

a response to the second motion to dismiss on September 10, 2009.  (Dkt. 19).

Defendants' motions to dismiss are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motions to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.    PLAINTIFF'S COMPLAINT

Plaintiff complains that he was stopped by a City of Dearborn police office on November 9, 2008 for speeding.  He presented his "nationality card" and his "international road travel card" to the office.  Plaintiff alleges that, without authority, the police officer, under color of state law, proceeded to violate his constitutional rights.  Plaintiff further alleges that the office kidnaped him under threat of injury, violating 18 U.S.C. § 241.

Plaintiff alleges a "conspiracy" to violate his constitutional rights among the officer, the prosecutor, the state court judge, and the Nineteenth District Court. Plaintiff claims that because the officer was given proof of plaintiff's status as a "Moorish national" and was given his international road travel card, every act after that was a "willful violation" of plaintiff's constitutional rights but international, human, and rights of indigenous people.  Plaintiff claims that the officer and the state court judge willfully perjured themselves with respect to the warrant.  Based on this action, according to plaintiff, police officer Scott Nagy then conspired to violate plaintiff's constitutional rights by assaulting him with intent to do great bodily harm.  This caused the prosecutor, defendant William Debiasi to "perjure

his oath" and continue the conspiracy to violate plaintiff's constitutional rights.

According to plaintiff, the prosecutor is conspiring with the state court, using the

United States Postal Service, to extort money from plaintiff.  Finally, according to

plaintiff, defendants were aware of his Moorish nationality status, which is

registered with the Library of Congress and is recognized by the United States

Department of Justice.  Plaintiff attaches an "affidavit of fact," which appears to be

his declaration of rights secured under the Treaty between the Unites States and

Morocco, several claims of copyright, a "Moorish Birth Rigths [sic] Great Seal

Zodiac Constitution," and his "Moorish National" identification card.

## III.   PARTIES' ARGUMENTS

### A.   <u>Defendants District Court and Judge Hultgren</u>

Defendants assert that plaintiff's complaint is, on its face, totally

implausible, frivolous, and devoid of merit and, thus, subject to summary

dismissal.  They argue that plaintiff's complaint fails to adequately identify any

rights that were violated.  Further, defendants argue that the complaint relies,

without foundation in proper authority, on a theory that plaintiff's Moorish

nationality confers on him some special protection under the law.  Accordingly,

defendants assert that plaintiff's complaint is frivolous because it lacks an arguable

basis in law or in fact and because its allegations are clearly baseless, fantastic or

delusional.

In the alternative, defendants argue that the Court should find that the complaint fails to state a claim against Judge Hultgren or Nineteenth District Court because it fails to identify any specific federal right that was violated and the allegations are conclusory and vague.  Defendants acknowledge that plaintiff mentions the Fifth and Fourteenth Amendments, but argue that plaintiff's complaint fails to identify which substantive right under either amendment is implicated.  To state a constitutional claim via 42 U.S.C. § 1983, a plaintiff must first allege a violation of a right secured by the federal constitution or laws; according to defendants, plaintiff has failed to meet that threshold element. Defendants also state that plaintiff has also failed to provide meaningful notice regarding how any of his rights were violated under color of law.  Plaintiff merely alleges that Judge Hultgren signed a warrant and that Nineteenth District Court is conspiring to extort money from plaintiff.  Without more, according to defendants, plaintiff cannot meet the minimum requirements of Federal Rule of Civil Procedure 8, which requires a short and plain statement of (1) the Court's jurisdiction, (2) a claim showing that plaintiff is entitled to relief and (3) a demand for relief sought.  Defendants urge the Court to conclude that all three are missing from plaintiff's complaint.

Defendants also argue that even if plaintiff adequately pleaded a cause of action, it must fail under applicable immunity doctrine.  Judge Hultgren is entitled

Report and Recommendation
Motions to Dismiss
*Salaam-el v. City of Dearborn*; 09-12136

to absolute immunity for his judicial acts given that the conduct alleged – signing a warrant – is a judicial act.  Accordingly, judicial immunity shields Judge Hultgren from any claim by plaintiff.  Similarly, the District Court, as an arm of the State of Michigan, is entitled to sovereign immunity and is not amenable to any damages claim by plaintiff.  Further, there is no indication in the complaint that such relief would address the narrow exception for prospective relief against any ongoing violation of federal law.  Accordingly, defendant concludes that plaintiff did not plead any claim in avoidance of immunity that protects the District Court from suit.

B.      City of Dearborn Defendants

The City of Dearborn defendants first argue that the Court lacks subject matter jurisdiction and should, therefore, dismiss plaintiff's complaint. The City of Dearborn defendants argue that plaintiff's complaint is, at best, devoid of any arguable merit and, at worst, frivolous.  Plaintiff's complaint describes a traffic stop, arrest, and prosecution – not a kidnaping and fails to allege a single specific constitutional right that was violated.  Defendants also point out that plaintiff also rests his claims on authorities such as the Zodiac Constitution, which the Eastern District of Michigan has identified as an irrelevant authority.  Plaintiff appears to claim a general immunity to the laws of the United States – while concurrently seeking their protection – based on his purported status as a Moorish national, but defendants argue that he does not base this claim on any recognized legal authority.

Thus, according to defendants, plaintiff's claims are implausible, attenuated, frivolous, and devoid of merit, and this Court should dismiss the case for lack of subject matter jurisdiction.

In the alternative, the City of Dearborn defendants argue that plaintiff's complaint must be dismissed because it is woefully deficient and it does not conform to the applicable court rules, and even when liberally construed in plaintiff's favor, it does not state a claim on which relief can be granted against defendants. Specifically, they argue that plaintiff's complaint fails to link a single factual or legal allegation to the Dearborn Police Department and thus, there is nothing in plaintiff's complaint on which even speculation could be based as to the claim plaintiff is asserting against the Dearborn Police Department. Moreover, defendant argues that the Sixth Circuit has held that police departments are not proper defendants under 42 U.S.C. § 1983, as they are merely sub-units of the municipal government. *Sargent v. Toledo Police Department*, 150 Fed.Appx. 470, 475 (6th Cir. 2005). Thus, defendants argue, the complaint against the Dearborn Police Department should be dismissed without further inquiry.

Defendants also argue that the complaint fails to identify any federal right that has been violated by defendants. While plaintiff refers to the Fifth and Fourteenth Amendments, he does not state a specific cause of action under those amendments. The Sixth Circuit has held that a civil rights claim brought under 42

U.S.C. § 1983 cannot survive where it merely sets forth conclusory allegations of unconstitutional conduct in lieu of specific factual allegations. *Lillard v. Shelby County Bd. of Education*, 76 F.3d 716, 726 (6th Cir. 1996). Thus, the plaintiff must allege a specific factual basis in support of an allegation of unconstitutional conduct. *Id*. Defendants argue that plaintiff merely alleges violations of constitutional rights, without any facts to specifically identify what rights were allegedly violated, or how they were allegedly violated. Defendants also argue that plaintiff merely alleges a conspiracy, without any factual support to demonstrate the conspiracy. *See Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 400 (E.D. Mich. 2000) (There can be no actionable claim of civil conspiracy without an unlawful act.). According to the Dearborn defendants, plaintiff has satisfied none of these requirements, as he has not established the Court's jurisdiction, stated a claim, nor requested any relief.

Additionally, plaintiff has not asserted facts that would defeat the qualified immunity of defendant Grzegorek. To overcome a defense of qualified immunity, 1) "the allegations must state a claim of the violation of clearly established law and 2) "a plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant in fact committed the acts that violated the law." *Secot v. City of Sterling Heights*, 985 F.Supp. 715, 720 (E.D. Mich. 1997). Defendants argue that plaintiff has not identified a violation of clearly established law (indeed,

he has not even identified the clearly established law he wishes to invoke), and fails to plead a case that would avoid defendant Grzegorek's qualified immunity.

      C.    <u>Plaintiff</u>

In his responses to the motions to dismiss, plaintiff asserts that the City of Dearborn passed an ordinance that violated plaintiff's constitutional right to travel at his desired speed, which, according to plaintiff, violates the constitutional ban on bills of attainder and ex post facto laws.  In addition, the speed limit ordinance violated plaintiff's constitutional right to travel and constitutes a fraud under Title 18.  Plaintiff further asserts that the traffic stop and arrest by defendant officer was a kidnaping and the other defendants, through the issuance of the arrest warrant and prosecution, participated in the conspiracy to kidnap plaintiff. Plaintiff also asserts that Judge Hultgren signed a warrant for plaintiff to be assaulted by placement of a foreign object into plaintiff's body.  (Dkt. 11, 19).

## IV.   ANALYSIS

A.   Subject Matter Jurisdiction

The court may not proceed to the merits of the case without first satisfying itself that it has subject matter jurisdiction and that sovereign immunity does not bar the action. *See Galvan v. Federal Prison Industries, Inc.*, 199 F.3d 461 (D.C. Cir. 1999). Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S RR Co. v. Branch & St. Joseph Counties Rail Users Ass'n Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). A Rule 12(b)(1) motion to dismiss an action for lack of subject matter jurisdiction may be premised on a facial attack or a factual attack. *Abdelkhaleq v. Precision Door of Akron*, 2008 WL 3980339, at *2 (N.D. Ohio 2008). A facial attack tests the adequacy of the complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37(1974),[1] while a factual attack evaluates the actual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio 1997). The importance of this distinction has to do with the nature of the Court's consideration of the facts and allegations presented in connection with the Rule 12(b)(1) motion. If the motion presents a facial attack, the Court must construe the pleadings in the

---

[1] Overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984).

light most favorable to the plaintiff and may not consider extrinsic materials. *Abdelkhaleq*, 2008 WL 3980339 at *2, citing, *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In contrast, if the motion presents a factual attack, the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness that is the hallmark of the Rule 12(b)(6) standard. *Id.*; *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

In this case, defendants make both a facial and a factual attack, albeit on different grounds. First, defendants assert that plaintiff fails to identify any federal cause of action in his complaint and that the mere mention that defendants violated plaintiff's "constitutional rights" and the "Fifth and Fourteenth Amendments" is insufficient to raise federal question jurisdiction. The present circumstance is similar to that before the court in *Wittenstock v. Van Sile, Inc.*, 330 F.3d 899, 901-902 (6th Cir. 2003), where the Sixth Circuit affirmed the district court's decision to "fairly read the Complaint as seeking to state a cause of action under § 1983" where "the Complaint does not allege a basis for federal jurisdiction other than reciting that '[t]his action arises under the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States.'" Construing plaintiff's complaint liberally, which the Court is obligated to do, the undersigned suggests that plaintiff's complaint, like the complaint in *Wittenstock*, could be

fairly read as intending to proceed under 42 U.S.C. § 1983.  Thus, the undersigned suggests that plaintiff's complaint should not be dismissed for failure to identify a federal cause of action over which this Court has subject matter jurisdiction.

The motion to dismiss for lack of subject matter jurisdiction also asserts a factual attack because Judge Hultgren and the Nineteenth District Court argue that they have not waived their sovereign immunity for the particular claims asserted here.  *Banks v. United States*, 2009 WL 805143, *4 (N.D. Ohio 2009), citing, *McKinley v. United States*, 1991 WL 80848, *1 (S.D. Ohio 1991).  The sovereign immunity question under Rule 12(b)(1) is not whether the complaint adequately sets forth a substantive claim under § 1983, but whether the Court has jurisdiction to hear the causes of action the complaint asserts.  *Id.*

Judge Hultgren contends that the allegations against him related to actions he took during the course of his duties as a state employee and, therefore, in essence, he is being sued in his official capacity.  A suit against a public official in their "official capacity" is a suit against the public entity that employs the public official.  *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  In other words, as a state employee sued in his official capacity, the suit is really against the State of Michigan and, therefore, Judge Hultgren  is entitled to immunity from suit pursuant to the Eleventh Amendment and the doctrine of sovereign immunity.  Likewise, the

Nineteenth District Court asserts sovereign immunity as a subdivision of state government.

"The States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims by citizens of another State." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). Among many exceptions to this immunity, however, is that "[t]he immunity does not attach if the lawsuit is not against the State or an 'arm of the State.'" *Id*. State agencies in particular present the issue of whether the suit is against an arm of the State. "When suit is brought against a public agency or institution ... 'the application of [immunity] turns on whether said agency or institution can be characterized as an arm or alter ego of the state, or whether it should be treated instead as a political subdivision of the state.'" *Hutsell v. Sayre*, 5 F.3d 996, 1000 (6th Cir. 1993), quoting, *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984). The agency only enjoys immunity if it is an arm of the state, not just a political subdivision.

The Sixth Circuit has identified four factors to be examined in determining whether an agency qualifies for sovereign immunity: (1) the potential liability of the State for any judgment against the entity; (2) the language used by state statutes and courts to refer to the entity, and the degree of state control and veto power over the entity's actions; (3) whether the board of the entity is appointed by state or

local officials; and (4) whether the entity's functions fall within the traditional purview of state or local government. *Ernst*, 427 F.3d at 359. It is noted by the undersigned that this Court has previously determined that the "State of Michigan is not potentially liable for judgments against a district court of the third class which arise out of employment disputes." *Pucci v. Nineteenth Dist. Court*, 565 F.Supp.2d 792, 805 (E.D. Mich. 2008). This case does not present an employment dispute, and more significantly, the Sixth Circuit, after the *Pucci* decision, held that the district court must undertake an analysis of each of the four factors set forth in *Ernst* to determine whether a state district court is entitled to sovereign immunity. *Barachkov v. 41B District Court*, 311 Fed.Appx. 863 (6th Cir. 2009); *see also Dolan v. City of Ann Arbor*, — F.Supp.2d —, 2009 WL 3492720 (E.D. Mich. 2009). In the present case, defendants have neither analyzed nor offered evidence as to the four factors set forth in *Ernst.* The undersigned suggests that the motion to dismiss based on sovereign immunity be denied.

     B.    <u>Failure to State a Claim</u>

     To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555.  In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.  The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to

be seen, as such a malleable standard will have to be worked out in practice."
*Courie*, *2.

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 127 S.Ct. at 2200 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

The undersigned agrees with the City of Dearborn defendants that the Dearborn Police Department is not a proper defendant and should be dismissed for this reason. *Sargent v. Toledo Police Dep't*, 150 Fed.Appx. 470, 475 (6th Cir. 2005). The undersigned also suggests that plaintiff's complaint is defective because he merely alleges violations of constitutional rights, without any facts to specifically identify what rights were allegedly violated, or how they were allegedly violated. Similarly, he merely alleges a conspiracy, without any factual

support to demonstrate the conspiracy.  The Sixth Circuit has held that a civil

rights claim brought under 42 U.S.C. § 1983 cannot survive where it merely sets

forth conclusory allegations of unconstitutional conduct in lieu of specific factual

allegations.  *Lillard v. Shelby County Bd. of Education*, 76 F.3d 716, 726 (6th Cir.

1996).  Thus, the plaintiff must allege a specific factual basis in support of an

allegation of unconstitutional conduct.  *Id.*

Plaintiff has failed to do so and has failed to comply with the requirement in

Rule 8 that his pleading must contain a statement of a claim showing that he

entitled to relief and a demand for the relief sought.  Plaintiff seeks no relief and

the undersigned is unable to discern any entitlement to relief in plaintiff's

complaint.  The authority on which plaintiff relies (the Zodiac Constitution and the

"international, human rights of indigenous people") are not recognized by the

federal courts.  The criminal statutes (Title 18 U.S.C. §§ 241, 242) plaintiff cites

simply do not provide for a civil remedy.  The law is conclusively settled that a

court may not assume jurisdiction for a civil action under either statute as no

private cause of actions exists.  *Watson v. Devlin*, 167 F. Supp. 638, 640 (E.D.

Mich. 1958) (no private cause of action exists under 18 U.S.C. § 241); *Willing v.

Lake Orion Community Schools Bd. of Trustees*, 924 F.Supp. 815, 818 (E.D. Mich.

1996); *Moore v. Potter*, 2002 WL 31096673 *2, citing, *Robinson v. Overseas*

*Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (no civil liability exists pursuant to 18 U.S.C. § 242).

    C.    <u>Frivolous Claims</u>

A suit may be dismissed as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199; *see also Great Seal Moorish Science Temple of Am., Inc. v. New Jersey*, 2005 WL 2396311, *1 (E.D. Pa. 2005) (dismissing plaintiffs' complaint with prejudice where "the [c]omplaint makes no logical sense, inasmuch as it is a random rendition bordering on a mish-mosh of legalese turned into meaningless meanderings.").

Plaintiff's complaint appears to be premised on his assertion that he is beyond the reach of ordinary state court jurisdiction because of his Moorish status. The undersigned is unable to find any legitimate legal claims in plaintiff's complaint and his complaint contains no request for relief. The undersigned

suggests that plaintiff's complaint is frivolous and, in the alternative, should be dismissed on this basis. *See Neitzke, supra*.

D.    Immunity

Notably, a judge performing his or her judicial function is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). An act is "judicial" if it is one normally performed by a judicial officer and if the parties deal with the judge in his official capacity. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). It is clear that plaintiff's cause of action with respect to Judge Hultgren relates solely to actions that he took while acting as a judge presiding over plaintiff's traffic case. In *Mireles*, the Supreme Court held that a judge is immune from suit for money damages except where the judge engages in acts that are "nonjudicial [that is] actions not taken in the judge's judicial capacity" or where the judge engages in acts that are judicial in nature but are "taken in the complete absence of all jurisdiction." *Id*. at 11-12. Whether a judge's action is taken in his or her judicial capacity is determined by the "nature of the act itself," which is measured by "whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id*.; *see also Stern v. Mascio*, 262 F.3d 600, 607-08 (6th Cir. 2001).

Whether legally correct or not, the signing of a search warrant by Judge Hultgren was clearly undertaken in his judicial capacity in the course of presiding over a case within his jurisdiction.  Plaintiff does not contend otherwise.  Under these circumstances, Judge Hultgren is entitled to absolute immunity and plaintiff has not stated a claim on which relief can be granted.  In the alternative, it is, therefore, recommended that the complaint, to the extent it seeks money damages against Judge Hultgren, should be dismissed.

It is also well-established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the government's case.  *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002).  To the extent that the prosecutor is sued in his individual capacity, such action is barred by absolute prosecutorial immunity.  Here, any claim against defendant Debiasi for money damages in his individual capacity is barred.  Thus, in the alternative, the undersigned recommends dismissal on this basis.

## V.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that defendants' motions to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days

of service, as provided for in Federal Rule of Civil Procedure 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Administrative Order 09-AO-042.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 27, 2010                  s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>January 27, 2010,</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to: <u>Laurie M. Ellerbrake and John G. Fedynsky,</u> and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: <u>Ali Salaam El, P.O. Box 35562, Detroit, MI 48235</u>.

<u>s/Tammy Hallwood          </u>
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov